## John Wanamaker, a Corporation, Appellant, *v.* Shoemaker.

*Principal and surety—Partnership—Corporation—Assignment of contract to corporation.*

Where a contract of suretyship between a partnership "as now constituted or hereafter formed" provides for the guarantee of the monthly accounts of a customer of the partnership until the agreement is revoked, and it appears that twelve years thereafter the

business of the partnership is incorporated under the same name, and two years after that the contract of suretyship is assigned to the corporation without any knowledge on the part of the sureties of the existence of the corporation and the assignment, the sureties cannot be held liable to the corporation for goods sold to the customer six years after the assignment.

In such a case when the partnership ceased to do business, the liability of the sureties reached its limit, and it was not within the power of the partnership to extend the duration of that liability by assigning the contract to a corporation, no matter by what name that corporation might be called.

Argued Oct. 23, 1917. Appeal, No. 206, Oct. T., 1917, by plaintiff, from judgment of C. P. Centre Co., Sept. T., 1916, No. 92, for defendants in case of John Wanamaker, a Corporation, v. Augusta C. Shoemaker, Executrix, et al. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit on a contract of suretyship. Before QUIGLEY, P. J.

The opinion of the Superior Court states the facts.

*Error assigned* was in entering judgment for defendants.

*George Sterner,* with him *William L. Nevin* and *N. B. Spangler,* for appellant.—The assignment of Mrs. Reber's account and the contract of suretyship by John Wanamaker to plaintiff did not vary or enlarge defendants' liability. As plaintiff is practically the same party, the assignment did not determine the contract, or terminate or cancel defendants' liability in any way: Monsarratt v. Equitable Trust Co., 14 Pa. Superior Ct. 541; Citizens Trust, Etc., Co. v. Howell, 19 Pa. Superior Ct. 255; Title G. & T. Co. v. Crane Co., 219 U. S. 24.

*John Blanchard,* with him *Edmund Blanchard,* for appellees, cited: Bank of Washington v. Barrington, 2 P. & W. 27; Bensinger v. Wren, 100 Pa. 500.

OPINION BY PORTER, J., November 22, 1918:

The plaintiff corporation brought this action against Thomas A. Shoemaker and Harry E. Fenlon to recover for goods sold by it to Gertrude B. Reber, during the period including the months of November, 1914, and September, 1915. The statement averred that the defendants were liable for the amount of the goods so sold to Mrs. Reber under the provisions of the following written agreement: "In consideration of the firm of John Wanamaker, as now constituted or hereafter formed, granting credit for the purchase of merchandise to Mrs. Gertrude B. Reber,.....to an amount not exceeding three hundred dollars, per month, we hereby agree to guarantee the payment of, and will pay on demand, said monthly accounts on the fifth day of the month following said purchases. Notice of separate transactions is waived. This guaranty is to continue from month to month until revoked by us in writing and the amount due thereon is settled in full to date of revocation. Dated the twenty-first day of November, 1895." This agreement was signed by the defendants, and was accepted and acted upon by the firm then doing business under the style of "John Wanamaker." The statement further alleged that, "On or about October 4, 1909, the account between said John Wanamaker and said Gertrude B. Reber and said agreement of suretyship, were assigned for a good and valuable consideration to 'John Wanamaker, a corporation organized and existing under the laws of Pennsylvania,' corporate title of which was on January 20, 1911, duly changed to 'John Wanamaker, Philadelphia.'" The defendants filed an affidavit of defense raising certain questions of law, without answering the averments of fact in the statement of claim, and set down such questions of law so raised for hearing and disposal by the court. The learned judge of the court below was of opinion that upon the questions of law arising upon the statement of claim and the affidavit of defense the law was with the defendants and entered

judgment accordingly in their favor, under the provisions of Section 20 of the Practice Act of May 14, 1915, P. L. 483. Thomas A. Shoemaker died after the entry of the judgment and his executrix was substituted as a defendant. The plaintiff appeals from that judgment.

We do not deem it necessary to discuss all the questions of law suggested by the affidavit of defense as arising out of the statement of claim filed by the plaintiff. We shall consider only the liability of the defendants upon a contract which they had entered into in 1895 with the firm of John Wanamaker to secure that firm for goods sold by it to Mrs. Reber, to be called upon to pay for goods sold to Mrs. Reber, almost twenty years later, by "John Wanamaker, Philadelphia," a corporation. We have the admitted fact that the firm of John Wanamaker accepted the agreement of the defendants, in November, 1895, and upon the faith of it sold goods to Gertrude B. Reber who has paid all her bills for goods purchased down until November, 1914. It is admitted by counsel for the defendants that the agreement constituted the defendant's sureties for Mrs. Reber, for such goods as were properly sold under its terms. There is nothing in the statement which indicates that these defendants knew anything about the manner in which the business of the firm of John Wanamaker was being conducted or that that firm had ceased to do business and had been succeeded by a corporation. The learned counsel for the appellant states in his brief that the charter of John Wanamaker, a corporation, was obtained in 1907, but the only information upon that point contained in the statement is that the account and agreement were assigned to the corporation on October 4, 1909, and the name of the corporation was changed to "John Wanamaker, Philadelphia," on January 20, 1911. There is nothing in the statement from which it can be inferred that these defendants knew anything about the dealings of Mrs. Reber with the firm or with the corporation from the time they became surety for her pur-

chases from the firm until 1915 when they were requested to pay for her purchases from the corporation. Are these defendants liable, under their contract with the firm, to pay for goods sold to Mrs. Reber nineteen years after the date of the contract by a corporation which did not come into existence for at least twelve years after said date?

When these defendants became sureties for Mrs. Reber they dealt with the firm of John Wanamaker, and they are entitled to the benefit of any termination of the risk which may be brought within the letter or spirit of their contract. Their engagement was without a consideration beneficial to themselves, and it is, therefore, not to be extended beyond its strict technical import. They knew that the firm with which they were contracting was liable to change by the coming in or going out of partners and they expressly covenanted to meet that contingency by agreeing that "In consideration of the firm of John Wanamaker, as now constituted or hereafter formed, granting credit for the purchase of merchandise to Mrs. Gertrude B. Reber,"......they would become sureties for her purchases. The firm was presumably a voluntary association, the individuals composing which would change from time to time, and the parties covenanted with a view to such changes. They were unwilling to leave that matter to a presumption of intention deducible from the subject-matter of the contract, and their evident purpose was to make the contract clearly state the extent to which it was the intention of the sureties to be bound. Had the firm of John Wanamaker sold goods to Mrs. Reber under circumstances which would have rendered these defendants liable as sureties, the firm might have sold and assigned that valid subsisting claim, for the price of the goods which had been sold by the firm, under the very letter of the contract. That is, however, a matter very different from assigning the contract itself—the right to sell goods to Mrs. Reber and recover from these defendants

as her sureties. It will hardly be contended that the firm of John Wanamaker could have sold and assigned this contract to Strawbridge & Clothier or Gimbel Bros., and thus given to either of those firms the right to sell goods to Mrs. Reber and collect from these defendants as her sureties.

The intention of the parties to a contract, as indicated by the covenants into which they enter, must be the controlling factor in determining the rights which arise thereunder. We find nothing in the contract with which we are now dealing which would warrant us in holding that it was the intention of these sureties to become liable for merchandise sold to Mrs. Reber by any person other than the firm with which they expressly covenanted. When the firm of John Wanamaker ceased to do business the liability of these defendants as sureties had reached its limit, and it was not within the power of the firm to extend the duration of that liability by assigning the contract to a corporation, no matter by what name that corporation might be called: Bank of Washington v. Barrington, 2 P. & W. 27; Bensinger v. Wren, 100 Pa. 500.

The judgment is affirmed.

Judges HENDERSON, HEAD and TREXLER dissent.